# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

ALFRED VERNON REEVES,

        Petitioner,

                          No. 17-1331-DRH

vs.

UNITED STATES OF AMERICA,

        Respondent.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

### I. Introduction, Background and Procedural History

Now before the Court is the government's January 16, 2018 motion to dismiss Reeves's motion for relief pursuant to 28 U.S.C. § 2255 (Doc. 3). Specifically, the government contends that the Court should dismiss Reeves's § 2255 motion because Reeves waived his right to bring such a motion in his negotiated plea agreement with the government in his criminal case. As of this date, Reeves has not responded to the motion to dismiss despite being warned twice by the Court of the consequences of

failing to respond.[1]  Pursuant to Local Rule 7.1(c), the Court considers the failure to respond as an admission of the merits of the motion and grants the motion to dismiss.

On December 16, 2015, the grand jury returned a superseding indictment charging Reeves of unlawful distribution of heroin (Count 1) and conspiracy to distribute, and possess with intent to distribute, heroin (Count 2). *See United States v. Reeves*, 15-CR-30056-DRH; Doc. 34.  On May 6, 2016, Reeves pled guilty to the charges.  *Id*. at Docs. 82, 83 & 84.  On October 14, 2016, the Court sentenced Reeves to 67 months, on each count to be served concurrently and judgment reflecting the same was entered.  *Id*. at Docs. 111 & 113.  Reeves did not appeal his sentence or conviction.  During these proceedings, Reeves was represented by court appointed attorney Paul Sims.

Subsequently, Reeves filed a 28 U.S.C. § 2255 petition on December 11, 2017 (Doc. 1).  Reeves claims that his lawyer was ineffective.  On December 14, 2017, the Court directed the government to respond to the motion (Doc. 2).  On January 16, 2018, the government filed a motion to

---

[1] On January 16, 2018, the Court issued the following Order: "ORDER re 3 MOTION to Dismiss *Defendant's Motion for Relief Pursuant to 28 U.S.C. §2255* filed by USA.  The Court DIRECTS Reeves to file a response to the motion to dismiss on or before February 16, 2018.  The failure to respond to the motion on or before that date may result in the Court granting the motion to dismiss and dismissing with prejudice this cause of action. See Local Rule 7.1(c) ("Failure to timely file a response to a motion, may, in the Court's discretion, be considered an admission of the merits of the motion.).  Further, based on the reasons stated in the motion, the Court finds a stay of the proceedings pending the resolution of the motion to dismiss is warranted." (Doc. 4).  Thereafter on February 22, 2018, the Court entered a similar Order warning Reeves of the failure to respond to the motion to dismiss and directing Reeves to respond to the motion to dismiss on or before March 8, 2018 (Doc. 5).

dismiss arguing that the Court should dismiss Reeves's motion/petition as he waived his right to file such a claim. As of this date, Reeves has not responded to the motion despite the Court warming him twice of his need to do so. As the motion is ripe, the Court turns to address the merits of the motion to dismiss.

## II. <u>Analysis</u>

The Court agrees with the government that Reeves waived his right to file this § 2255 petition. Reeves entered into a written plea agreement with the government for certain benefits. In exchange for the benefits he received, he waived his right to a direct appeal and to a collateral attack under Section 2255. *Reeves*, 15-30056-DRH, Doc. 84. Specifically, the plea agreement provides in relevant parts:

1. The United States and Defendant submit that under the Sentencing Guidelines, after all factors have been considered, Defendant will have an **Offense Level of 31, a Criminal History of III, a sentencing range of 135-168 months' imprisonment, and a fine range of $30,000-$300,000**. The United States and Defendant agree that these calculations of Offense Level and Criminal History are not binding on the Court, and that the Court ultimately will determine the Guideline range after receiving the Presentence Report and giving both parties opportunity to comment thereon. Defendant expressly recognizes that, regardless of the Guideline range found or the sentence imposed by the Court, Defendant will not be permitted to withdraw Defendant's plea of guilty. **The United States agrees to recommend a sentence at the low end of the Guideline range ultimately found by the Court**. The United States and the Defendant reserve the right to address the sentencing factors set forth in 18, U.S.C. § 3553(a), but **the United States and the Defendant both**

**agree not to seek a sentence outside the applicable guideline range**. The Defendant agrees to be bound to a Guideline recommendation, in part, based upon the fact that the United States has agreed not to seek a sentencing enhancement pursuant to 21 U.S.C. § 851. Government and the Defendant reserve the right to address the sentencing factors set forth in 18 U.S.C. § 3553(a),

2. The Government specifically reserves the right to argue for, present testimony, or otherwise support the Probation Office's or the Court's findings as to Offense Level and Criminal History Category (which may be in excess of the calculations set forth herein by the Defendant and the United States). Defendant understands that the Sentencing Guidelines are advisory only and that the Court has the discretion to sentence the Defendant anywhere up to the statutory maximum sentence after consideration of the Sentencing Guidelines, and the factors set forth in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense(s) and the criminal history and characteristics of the Defendant.

1. Defendant fully understands that Defendant has the right to be represented by counsel, and if necessary, to have the Court appointed counsel at trial and at every other stage of the proceeding. Defendant's counsel has explained these rights and consequences of the waiver of these rights. Defendant fully understands that, as a result of the guilty plea, not trial will occur and that the only action remaining to be takin in this case is the imposition of the sentence.
4. Defendant understands that by pleading guilty, Defendant is waiving all appellate issues that might have been available if Defendant had exercised his right to trial.
5. Defendant is aware that Title 18, Title 28, and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence through appeal or collateral attack. However, in exchange for the  recommendations and concessions made by the United States in this plea agreement, **Defendant knowingly and voluntarily waives his right to contest any aspect of his conviction and sentence,** including the manner in which the sentence was determined or imposed, that could be contested under Title 18 or Title 28, or under any other provision of federal law, except that if the sentence imposed

> is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), Defendant reserves the right to appeal the substantive reasonableness of the term of imprisonment. Defendant acknowledges that in the event such an appeal is taken, the United States reserves the right to fully and completely defend the sentence imposed, including any and all factual and legal findings supporting the sentence, even if the sentence imposed is more severe than that recommended by the United States. Defendant acknowledges that such an appeal may be considered a material breach of this Plea Agreement and the United States reserves the right to take any action it deems appropriate to have a court declare that Defendant has materially breached this Plea Agreement.
> Defendant is fully satisfied with the representation from defense counsel. Defendant acknowledges that the United States has provided complete discovery compliance in this case. Defendant has reviewed the United States' evidence and has discussed the United States' case, possible defenses and defense witnesses with defense counsel. Defendant's attorney has completely and satisfactorily explored all areas which Defendant has requested relative to the United States' case and possible defenses. Defendant acknowledges that Defendant has had adequate opportunity to discuss the potential consequences of Defendant's plea with counsel. Defendant has had all of Defendant's questions answered by defense counsel. Defendant agrees that this Plea Agreement is not the result of any threats, duress, or coercion. Defendant enters this guilty plea freely, voluntarily and knowingly, because Defendant is guilty.

*United States v. Reeves*, 15-30056-DRH; Doc. 83, ps. 3-12.

The Seventh Circuit has found these types of waivers to be valid. The Seventh Circuit has held that "a waiver of a right to appeal contained within a guilty plea is enforceable," provided that the waiver is knowing and voluntary. *United States v. Feichtinger*, 105 F.3d 1188, 1190 (7th Cir), *cert. denied*, 520 U.S. 1281 (1997); *United States v. Schmidt*, 47 F.3d

188, 190 (7th Cir. 1995). *See also*, *United States v. Wenger*, 58 F.3d 280, 281 (7th Cir.), *cert. denied*, 116 S.Ct 349 (1995). A waiver will not be enforced, however, if the district judge relied on impermissible facts in sentencing (for instance, the defendant's race or gender) or of the judge sentenced the defendant in excess of the statutory maximum sentence for the offense committed. *Feichtinger*, 105 F.3d at 1190. Further, the Seventh Circuit has found that a waiver of a Section 2255 relief in a plea agreement is enforceable, and should be treated no differently than the waiver of a direct appeal. *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999). Indeed the Seventh Circuit has specifically stated that both statutory and constitutional rights can be waived in a plea agreement. *Id*. at 1144, *United States v. Woolley*, 123 F.3d 627, 631-632 (7th Cir. 1997). *See also United States v. Woods*, 581 F.3d 531, 534 (7th Cir. 2009); *United States v. Emerson*, 349 F.3d 986, 988 (7th Cir. 2003).

The Court finds that the waiver was knowing and voluntary and there is nothing in the record to demonstrate otherwise. Defendant signed the plea agreement acknowledging that he was satisfied with defense counsel, that he discussed his case fully with defense counsel and that his Plea Agreement was voluntary and knowing and not as a result of threats or coercion. Also, the Court thoroughly questioned Reeves about these issues

during his change of plea. *See United States v. Reeves,* 15-30056-DRH, Doc. 134, ps. 8-14.[2]

In addition, for the waiver to be enforceable, Reeves's sentence had to be within the maximum provided by the statute of conviction and the applicable guideline range based upon his relevant conduct. The statutory mandatory maximum penalty for unlawful distribution of heroin is not more than 20 years, 21 U.S.C. §§ 841(a)(1) and the statutory mandatory minimum penalty for conspiracy to distribute and possess with intent to distribute heroin is not less than 10 years – to life imprisonment, 21 U.S.C. § 846; and § 841(b)(1)(C). In fact, the statutory terms of imprisonment were outlined in his plea agreement during the change of plea hearing, the Court informed Reeves of the statutory sentencing ranges and Reeves acknowledged that he understood. Based upon the conduct to which Reeves admitted and others attributed to him in the conspiracy, his applicable guideline range of imprisonment was 135-168 months, the fine range was $15,000 – $11,000,000.00, and the supervised release range was not less than 5 years. The Court sentenced Reeves to 67 months imprisonment **68 months *below*** the low-end of the sentencing guideline range. Thus, Reeves received a **huge** benefit to pleading guilty. There is no

---

[2] Specifically, the following exchange took place between the Court and Reeves:
**The Court**: So you won't file a direct appeal, you
won't file a 2255, you won't file any kind of a petition
with any court asking that your sentence be changed as long
as I impose a guideline sentence?
**THE DEFENDANT:** Right.
*United States v. Reeves*, 15-30056-DRH, Doc. 134, p. 13.

basis in the record for avoiding this waiver, and the Court neither relied upon constitutionality impermissible factors in sentencing Reeves nor sentenced him above the statutory maximum. Thus, the waiver provisions of Reeves plea agreement are enforceable and Reeves has waived his right to bring this § 2255 petition.

Reeves's sentence and conviction are legal. He has not shown that his sentence was "imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Finally, the Court notes that letting Reeves's conviction and sentence stand would not result in a fundamental miscarriage of justice. *Murray v. Carrier*, 477 U.S. 478, 495 (1986).

Under the 2009 Amendments to Rule 11(a) of THE RULES GOVERNING SECTION 2255 PROCEEDINGS, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Thus, the Court must determine whether petitioner's claims warrant a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

A *habeas* petitioner does not have an absolute right to appeal a district court's denial of his *habeas* petition; he may appeal only those issues for which a certificate of appealability have been granted. *See Sandoval*, 574 F.3d at 852. A *habeas* petitioner is entitled to a certificate

of appealability only if he can make a substantial showing of the denial of a constitutional right. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); 28 U.S.C. § 2253(c)(2). Under this standard, petitioner must demonstrate that, "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

Where a district court denies a *habeas* petition on procedural grounds, the court should issue a certificate of appealability only if (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack,* 529 U.S. at 485.

As to petitioner's claims, the Court finds that reasonable jurists would not debate that Reeves waived his right to bring a 28 U.S.C. petition. Reasonable jurists could not debate that the petition should have been resolved in a different manner. Therefore, the Court declines to certify any issues for review pursuant to 28 U.S.C. § 2253(c).

### III. Conclusion

Accordingly, the Court **GRANTS** the government's motion to dismiss (Doc. 3). The Court **DISMISSES with prejudice** Reeves's motion under 28 U.S.C. § 2255 motion to vacate, set aside or correct sentence by person in

federal custody.  Further, the Court **DECLINES** to issue a certificate of appealability.  The Court **ORDERS** the Clerk of the Court to enter judgment reflecting the same.

    **IT IS SO ORDERED.**

*David R Herndon*

Judge Herndon
2018.03.19
14:26:32 -05'00'

United States District Court